**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND ) <br> SOUTHWEST AREAS PENSION FUND, ) <br> CENTRAL STATES, SOUTHEAST AND ) <br> SOUTHWEST AREAS HEALTH AND WELFARE ) <br> FUND, and HOWARD McDOUGALL, trustee, ) <br> ) <br>                  Plaintiffs, ) <br> ) <br>               v. ) <br> ) <br> AGL RESOURCES, INC., a Georgia Corporation; ) <br> NUI CAPITAL CORP., a Florida corporation; and ) <br> PIVOTAL UTILITY HOLDINGS, INC., ) <br> f/k/a NUI UTILITIES, INC., a New Jersey corporation, ) <br> ) <br>                 Defendants. ) | Case No. 07 C 6933 <br> Judge Blanche M. Manning <br> Magistrate Judge Denlow |

**MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS COUNTERCLAIM**

      This is a suit by the Central States, Southeast and Southwest Areas Pension Fund and the Central States, Southeast and Southwest Areas Health and Welfare Fund (collectively referred to as "Central States" or individually referred to as the "Pension Fund" or the "Health and Welfare Fund") to collect nearly $350,000 in contributions and interest from the Defendants that was revealed to be owed by an audit. Before suit was filed, the Defendants made a $50,000 payment towards the audit billing. In their state common law counterclaim for conversion, the Defendants allege that they actually owed only $6,430 of the audit billing and the remaining $43,570 has been improperly "converted" by Central States.

      The counterclaim fails to state a claim because ERISA preempts state law so the conversion claim does not exist. Even if the state law conversion claim was not

preempted, the Defendants fail to state a claim because Illinois law only authorizes a conversion claim that seeks recovery of an identifiable segregated account of money, which does not exist in this case.

## STATEMENT OF FACTS

Central States is a multiemployer benefit plan that receives contributions from participating employers in accordance with written collective bargaining agreements between the employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). (¶¶ 2 and 4 of Answer to Amended Complaint.) The Employers are corporations that are bound by the Central States trust agreements and collective bargaining agreements with Locals 395 and 769 of the IBT (¶¶ 8, 10, 26 and 28 of Answer to Amended Complaint). The trust and collective bargaining agreements require the Defendants to remit contributions to Central States on behalf of covered employees (¶¶ 10-11 and 28 -29 of Answer to Amended Complaint). The complaint was filed because Central States alleges that its audit of the Defendants' records revealed that the Defendants had failed to accurately report employee work history and failed to pay all required contributions due Central States (¶¶ 15-16, 20, 31-32 and 34 of Answer to Amended Complaint).

In their Counterclaim, Defendants purport to state a "Counterclaim for conversion" (preamble to Counterclaim). The Defendants allege that after Central States' audit, they sent a $50,000 payment "in a good-faith attempt to offset any possible underpayments and that Central States deposited their payment (¶¶ 4-5 of Counterclaim). They later determined they owed only $6,430 and demanded the return of the remaining $43,570, but Central States refused to comply (¶¶ 6 and 11 of Counterclaim). The Defendants assert

that they have a right to "immediate possession of the $43,570 ... absolutely and unconditionally." (¶ 9 of Counterclaim).

Under the Trust Agreements to which the Defendants are admittedly bound (¶¶ 11, 29 of Answer to Amended Complaint), contain similar (but not identical language concerning contribution refunds). The Pension Fund trust agreement provides as follows with respect to the return of overpayments to the Fund:

> The Trustees will issue a credit for contributions that have been billed to an Employer if (1) the related work history was reported by mistake of fact or law (other than a mistake about plan qualification or tax-exempt status pursuant to the Internal Revenue Code) <u>as determined by the Trustees</u> and (2) the request for credit is received within ten years after the related work history was billed.  If an Employer no longer has an obligation to contribute to the Fund and has satisfied his withdrawal liability assessment, the Trustees will refund contributions paid by an Employer to the Trust if (1) such contributions were made by a mistake of fact or law (other than a mistake about plan qualification or tax-exempt status pursuant to the Internal Revenue Code) <u>as determined by the Trustees</u> and (2) application therefor is received within ten years after payment of the contributions ...The amount to be returned to the Employer, by credit or refund, is the excess of the amount contributed or paid over the amount that would have been contributed or paid had no mistake been made (this amount is the excess contribution or overpayment).  Interest or earnings attributable to an excess contribution shall not be returned to the Employer, and any losses attributable to an excess contribution must reduce the amount returned to the Employer.

(Art. XIV, Sec. 1 of Ex. A) (emphasis added).  The Health and Welfare Fund trust agreement is largely the same, except it indicates that the refund must be requested "by the 20th of the month subsequent to the month the related work history was billed" and there is no mention of withdrawal liability (Art. XI, Sec. 1 of Ex. B).  Thus, under the trust agreements, a refund is permissible only if a) the contributions were paid by mistake of fact or law "as determined by the Trustees."  The dispute resolution clause of the trust agreements also require submission of all disputes to the Trustees (Art. V, Sec. 2 of Ex.

A and B). Further, a cash refund is available only if the employer has withdrawn from the Fund and there are no outstanding amounts owed.

## ARGUMENT

I. THE DEFENDANTS' STATE LAW CONVERSION CLAIM IS PREEMPTED BY ERISA.

No jurisdictional basis is alleged in the Counterclaim. However, the Defendants allege that the Counterclaim is made "pursuant to Federal Rule of Civil Procedure 13" (Preamble to Counterclaim). Thus, Defendants must believe their conversion claim is a compulsory counterclaim predicated upon state law so the court has supplemental jurisdiction under 28 U.S.C. § 1367.

However, a state law counterclaim for conversion fails to state a claim because it is pre-empted by ERISA. ERISA's preemption clause is "conspicuous for its breadth." *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990). ERISA's preemption clause reads in relevant part as follows:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan described in section 1003(a) of this title ...

29 U.S.C. § 1144(a) (emphasis added). The counterclaim certainly "relate[s]" to the plan because the ERISA and the Trust Agreements contain provisions relating to the refund of overpayments. 29 U.S.C.§1103; Art. XIV Sec. 1 of Ex. A and Art. XI Sec. 1 of Ex. B.

Further, there is an explicit provision of ERISA that prohibits Central States from permitting the assets of Central States to ever "inure to the benefit of any employer," which would include the return of the Defendants' alleged overpayment. 29 U.S.C. § 1103(C) (1). An exception to this general rule provides:

> [P]aragraph (1) shall not prohibit the return of such contributions or payment to the employer within 6 months <u>after the plan administrator determines that the contribution was made by . . . mistake</u>.

29 U.S.C. § 1103(c) (2) (A) *(ii)* (emphasis added). The phrase "shall not prohibit" indicates that this section is entirely permissive and does not impose a duty to return mistaken contributions. Based upon this provision, all state law causes of action that would require the return of money paid to Central States are pre-empted. *Martin v. Hamil*, 608 F.2d 725, 729 (7th Cir. 1979); *Crews v. Central States Pension Fund*, 788 F.2d 332 (6th Cir. 1986). In *Martin,* the court held that a state law restitution claim seeking the recovery of a contribution overpayment was preempted. The Defendants' state law conversion claim must also be preempted. Indeed, in other contexts the courts have consistently held the state law conversion claims are preempted by ERISA. *See, eg., Dorn v. IBEW*, 211 F.3d 938, 948 (5th Cir. 2000) (state law conversion claim asserted by beneficiary against fund is preempted by ERISA); *Lopresti v. Terwilliger*, 126 F.3d 34, 41 (2nd Cir. 1997) (state law conversion claim asserted by fund against owner of defunct employer is preempted by ERISA); *Benjamin v. Marshall P. Morris, Ltd.*, 1998 WL299434 *6 (N.D. Ill. 1998) (state law conversion claim asserted by beneficiary against fund is preempted by ERISA). (Copy attached as Ex. C.)

It is true that the Seventh Circuit has recognized a restitution claim under federal common law (not state law) for the refund of contributions paid by mistake of law or fact. *Construction Industry Retirement Fund v. Kasper Trucking, Inc.*, 10 F.3d 465 (7th Cir. 1993). However, the Defendants do not purport to state such a claim, instead, they assert a "conversion" claim. The counterclaim cannot be recharacterized as the recognized restitution claim because as the master of their complaint, the Defendants can elect to plead only state claims. *Nelson v. Stewart*, 422 F.3d 463 (7th Cir. 2005).

Even if a counterclaim could be recharacterized, it is clear that the Defendants have not stated the restitution claim authorized in *Kasper Trucking* for several reasons. First, ERISA authorizes a refund only "after the <u>plan administrator</u> determines that the contribution was made by such a mistake." 29 U.S.C. §1103(c)(2)(A)(ii). The counterclaim does not allege that the Trustees have examined the refund request because this has not occurred.[1] However, ERISA requires that the issue be decided by the Trustees in the first instance before a restitution suit can be filed. *Brown v. Health Care and Retirement Corp.*, 25 F.3d 90, 94 n.4 (2nd Cir. 1994); *Teamsters Local 348 Pension Fund v. Kohn Beverage Co.*, 749 F.3d 315 (6th Cir. 1984); *Peckham v. Board of Trustees of Painters National Pension Fund*, 7619 F.2d 1063, 1066 (10th Cir. 1983); *Central States Pension Fund v. Gateway Foods of Twin Ports, Inc.*, 951 F.Supp. 732 (N.D. Ill. 1996). Further, these cases establish that the Trustees' decision can be rejected only if it is arbitrary or capricious. *Id*. The Defendants' counterclaim fails to plead the recognized federal common law restitution claim because it cannot allege the Trustees have made a decision(because the have not done so), much less that their decision is arbitrary or capricious.

In addition, the admittedly binding trust agreements expressly require the Defendants to submit their refund request to the Trustees. Article XIV of the Pension Fund Trust Agreement (Ex. A) and Article XI, Section 1 of the Health and Welfare Fund Trust Agreement (Ex. B) provide that:

> The Trustees will issue a credit for contributions that have been billed to an Employer if (1) the related work history was reported by mistake of fact or law (other than a mistake about plan qualification or tax-exempt status pursuant to the Internal

---

[1] Central States has notified the Defendants that it plans to present the Defendants' refund request to the Trustees at their March or May 2008 Board of Trustees meeting. (Ex. D).

>Revenue Code) as determined by the Trustees and (2) the request for credit is received within ten years after the related work history was billed.

(emphasis added). Article V, Section 2 of the trust agreement expressly requires submission of refund requests to the Trustees so that they can determine "all questions or controversies, of whatsoever character" specifically including those relating to " ... accounts in connection with the operation of the Trust Fund." (Ex. A and B). The Seventh Circuit indicated that this language means that " ... all controversies over anything ... related to the Trust or the Plan shall be submitted to the Trustees." *Exbom v. Central States Health and Welfare Fund*, 900 F.2d 1138,1141 (7th Cir. 1990). Therefore, the Trust Agreements provide a procedure that the Defendants must exhaust before they could be entitled to recover anything from the Funds.

Third, the Trust Agreements do not allow a refund for mistaken contributions unless the employer is no longer obligated to make contributions to Central States and has satisfied any withdrawal liability to the Pension Fund (Art. XIV, Sec. 1 of Ex. A;  Art. XI, Sec. 1 of Ex. B).  The counterclaim does not address these requirements so it fails to state a claim.

Fourth, the counterclaim fails to state a restitution claim because there is no allegation that the $43,570 was paid by mistake of fact or law.  No facts are alleged by the Defendants that indicate why the $43,570 was paid if it was supposedly not due.  Only mistaken contributions can be returned under the recognized common law claim, so if the $43,570 was paid with knowledge it was not owed, it cannot be returned.

Fifth, the counterclaim fails to state a claim because restitution is available only is the equities favor it.  *Kasper Trucking, Inc.*, 10 F.3d at 467.  However, the counterclaim does not contain such an allegation but instead alleges that the Defendants "have a right

Case 1:07-cv-06933   Document 22   Filed 03/03/2008   Page 8 of 10

to immediate possession of the $43,670 ... absolutely and unconditionally." (¶ 9 of Counterclaim.)

Sixth, the counterclaim cannot be the recognized restitution claim because the Defendants assert that they are entitled to interest and "other damages". However, the payment of interest on any alleged overpayment is not permitted. *Whitworth Brothers Storage Co. v. Central States, Southeast & Southwest Areas Pension Fund*, 982 F.2d 1006, 1019 (6th Cir. 1993); *Plucinski v. I.A.M. National Pension Fund*, 875 F.2d 1052, 1058 n.6 (3rd Cir. 1989); *Kwatcher v. Massachusetts Service Employees Pension Fund*, 879 F.2d 957, 967 (1st Cir. 1989); *Dumac Forestry Services, Inc. v. International Brotherhood of Electrical Workers*, 814 F.2d 79, 83 (2nd Cir. 1987). By demanding interest, the Defendants have demonstrated that they are not attempting to assert the recognized federal common law claim for restitution.

II.  EVEN IF A STATE LAW CONVERSION CLAIM WAS NOT PREEMPTED BY ERISA, THE COUNTERCLAIM FAILS TO STATE A CLAIM.

"[I]n order to establish the conversion of money under Illinois law, a plaintiff must show that he had a right to a specific fund or specific money in coin or bills." *Horbach v. Kaczmaek*, 288 F.3d 969, 975 (7th Cir. 2002). However, the Defendants cannot allege that the $43,570 was placed in a segregated account because it was not, it was deposited with all of the other assets of Central States. Since the $43,570 was not placed in a segregated

account, the Defendants cannot point to a specific fund or account (much less specific coins or bills) and only seek a particular sum of money. Such a claim does not meet the criterion for a conversion claim under Illinois law. *Id*. Therefore, the counterclaim must be dismissed.

## CONCLUSION

For the foregoing reasons, the Counterclaim should be dismissed.

Respectfully submitted,

 /s/ Rathna C. Rodgers
Rathna C. Rodgers
One of the Attorneys for Plaintiffs Central States, Southeast and Southwest Areas Health and Welfare and Pension Funds
9377 West Higgins Road
Rosemont, Illinois  60018-4938
847/518-9800, Ext. 3435
March 3, 2008                           ARDC #06239131

## CERTIFICATE OF SERVICE

    I, Rathna C. Rodgers, one of the attorneys for Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare and Pension Funds, certify that on March 3, 2008, I caused the foregoing Memorandum In Support of Motion to Dismiss Counterclaim to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system.

                                                                 s/ Rathna C. Rodgers
                                                                  Rathna C. Rodgers (ARDC #06239131)
                                                                  One of the Plaintiffs' Attorneys