# EXHIBIT C

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1998 WL 299434 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

Page 1

C
Benjamin v. Marshal P. Morris, Ltd. Profit Sharing Plan and Trust
N.D.Ill.,1998.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois.
Marci BENJAMIN, Plaintiff,
v.
MARSHAL P. MORRIS, LTD. Profit, Sharing Plan and Trust, Marshal P. Morris, Ltd. and Marshal P. Morris, both individually and as Trustee, Plan Fiduciary and Plan Administrator of Marshal P. Morris, Ltd. Profit Sharing Plan and Trust, Defendants.
No. 97 C 6714.

May 20, 1998.

MEMORANDUM OPINION

KOCORAS, District J.
*1 This case is before the court on the defendants' motion to dismiss the plaintiff's complaint, the defendants' motion to strike the plaintiff's jury demand and claim for punitive damages, and the plaintiff's petition for attorney's fees. For the reasons set forth below, the motion to dismiss is granted in part and denied in part, the motion to strike the plaintiff's jury demand is granted, the motion to strike the claim for punitive damages is granted, and the plaintiff's petition for fees is denied.

BACKGROUND

The following allegations are taken primarily from the plaintiff's complaint and are taken as true for the purposes of this motion to dismiss. Plaintiff Marci Benjamin brings this seven-count complaint against defendants, Marshal P. Morris, Ltd. Profit Sharing Plan and Trust (the "Plan"), Marshal P. Morris, Ltd, and Marshal P. Morris, both individually and as Trustee, Plan Fiduciary and Plan Administrator. Plaintiff seeks recovery of pension benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, and damages under state common law.

Plaintiff worked for defendant Marshal P. Morris, Ltd., from October 1, 1980 to June 30, 1991. Plaintiff alleges that Marshal P. Morris, Ltd., established the Plan in 1979. Defendant Marshal P. Morris was identified in the Plan as the Plan Administrator, Trustee and "Named Fiduciary." Plaintiff claims that she was entitled to benefits under the Plan when her employment terminated in 1991. At that time, the plaintiff requested summary plan descriptions, annual reports and participant statements from the defendants in order to ascertain the amount of benefits she was entitled to under the Plan. The defendants denied that the Plan existed and told the plaintiff that the Plan had been terminated in 1981. Plaintiff, therefore, did not receive any benefits under the Plan, nor did she receive the information that she requested.

On September 24, 1997, plaintiff filed suit against the defendants. In Count I, plaintiff seeks the recovery of her benefits under the Plan. In Count II, plaintiff alleges that the defendants breached their fiduciary duty under ERISA to provide summary plan descriptions, notice of plan modifications, summary annual reports, an individual benefits statement following termination of the plaintiff's employment, and a current benefits statement within 30 days after a request by the plaintiff, pursuant to 29 U.S.C. §§ 1021, 1022, 1023, 1024 and 1025. Plaintiff also alleges in Count II that the defendants breached their duty to distribute benefits to the plaintiff under the Plan. The plaintiff's remaining claims arise under the state common law. In Count III, plaintiff alleges that the defendants breached their contract to provide benefits to the plaintiff under the Plan. Count IV alleges that the Plan has been unjustly enriched by the retention of benefits owed to the plaintiff. Count V alleges that defendant Morris tortiously interfered with the plaintiff's right to benefits under the Plan

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1998 WL 299434 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

and induced the Plan to breach its duties to plaintiff. In Count VI, plaintiff claims that the defendants' retention of her pension benefits constitutes conversion under state law. Finally, in Count VII, plaintiff alleges that the defendants breached their fiduciary duties under state law to provide the documents requested by the plaintiff concerning the Plan and to distribute pension benefits to the plaintiff under the Plan.

*2 On November 10, 1997, this court dismissed the case for want of prosecution because the parties failed to appear for status hearing. In January, 1998, plaintiff moved to vacate the dismissal for want of prosecution and to extend time for service of process through March 20, 1998. The court granted the motion and the cause was reinstated. Defendants were served with a summons and the complaint on January 24, 1998. Plaintiff then filed a motion for default judgment on March 3, 1998. On March 11, 1990, defendants filed a motion to extend time to answer the complaint or otherwise plead, which was granted by this court. In addition, the defendants were granted leave to file their motion to dismiss. Plaintiff has filed a petition for attorney's fees for time expended in preparing the motion for default judgment and objection to the defendants' motion to extend time to answer or otherwise plead. The defendants objects to an award of attorney's fees.

In addition to the plaintiff's petition for fees, the defendants' motion to dismiss the complaint and motion to strike the plaintiff's jury demand and claim for punitive damages are before the court. The court will address each motion in turn.

DISCUSSION

A. The Defendants' Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Defendants must meet a high standard to have a complaint dismissed because in ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts must be taken as true. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 733 (7th Cir.1986), *cert. denied,* 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). Dismissal is improper "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Nonetheless, to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Gray v. County of Dane,* 854 F.2d 179, 182 (7th Cir.1988).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed.R.Civ.P. 10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."*Venture Associates Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429, 431 (7th Cir.1993).

Defendants urge the court to dismiss Count I of the complaint as untimely. In Count I of the complaint, plaintiff seeks to recover benefits that she claims she is entitled to under the Plan. ERISA does not impose a statute of limitations for bringing civil actions for the recovery of benefits. In such cases, the court applies the most analogous state statute of limitations.*Lumpkin v. Envirodyne Industries, Inc.,* 933 F.2d 449, 464-465 (7th Cir.), *cert. denied,* 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991). The most analogous Illinois statute of limitations is the 10-year limitations period for suits pertaining to written contracts. *Id.* Although the court applies the state statute of limitations, the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                      Page 3
Not Reported in F.Supp., 1998 WL 299434 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

court looks to federal common law for purposes of determining when the cause of action accrued under ERISA. *Daill v. Sheet Metal Workers' Local 73 Pension Fund,* 100 F.3d 62, 65 (7th Cir.1996). The Seventh Circuit has held that causes of action accrue under section 502(a)(1)(B), when a claim for benefits is denied. *Id.* In this case, plaintiff alleges that the defendants denied the Plan's existence, and in turn, denied that she was a participant in the Plan, in November, 1991. The plaintiff filed her complaint in September, 1997, which is within the 10-year limitations period. As such, the court denies the defendants' motion to dismiss as to Count I.

*3 Defendants also seeks dismissal of Count II of the complaint as untimely and for failure to state a claim for breach of fiduciary duty. Defendants contend that plaintiff's breach of fiduciary duty claim is barred by the statute of limitations set forth in Section 413 of ERISA, 29 U.S.C. § 1113. Section 413 provides:
No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty or obligation under this part, ... after the earlier of-
(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation; or
(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

Defendants contend that plaintiff knew that she would not be a participant in the Plan as early as 1981. Defendant Morris claims that he had a verbal agreement with the plaintiff that she would receive cash benefits from defendant in lieu of retirement benefits under the Plan. Plaintiff argues that the six-year statute of limitations for cases of fraud or concealment apply to this case. Plaintiff argues that her breach of fiduciary duty claim in Count II arises from the defendants' concealment of the Plan's existence and their failure to act solely in the interest of the Plan and in the interest of the plaintiff, a beneficiary. Plaintiff claims that she discovered the defendants' breach in November, 1991, within the six-year limitations period.

The facts alleged in the complaint establish that plaintiff inquired as to her medical insurance and retirement benefits under the Plan when her employment terminated in June, 1991. Plaintiff claims that Morris told her that the Plan had been terminated in 1981. Plaintiff made further inquiries, however, and determined that the Plan had not been terminated in 1981 as represented by Morris. Plaintiff's attorney wrote to the defendants on November 14, 1991, seeking information about the Plan and plaintiff's entitlement to benefits under the Plan for the years 1981 through 1991. Defendants did not respond and plaintiff filed this suit on September 24, 1997. Construing the allegations in the light most favorable to the plaintiff and assuming the facts alleged to be true, it is possible that plaintiff did not know of the Plan's existence or of any benefits to the plaintiff under the Plan until November, 1991. Thus, the complaint, filed on September 24, 1997, was brought within the six-year limitations period. Further factual development through discovery will enable the court to determine whether plaintiff discovered the defendants' alleged breach within the applicable limitations period. At this stage, the court is satisfied that plaintiff's claim was timely brought.

*4 Defendants also seek dismissal of Count II of the complaint because they claim that plaintiff cannot state a claim for breach of fiduciary duty under section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), or section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Defendants argue that sections 502(a)(2) and 502(a)(3) do not permit a plaintiff to bring suit for individual relief. Instead, defendants

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 4
Not Reported in F.Supp., 1998 WL 299434 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

claim that section 502(a)(2) only authorizes relief on behalf of the Plan as a whole, and section 502(a)(3) only authorizes equitable relief in circumstances where the plaintiff cannot recover under section 502(a)(1)(B). Plaintiff responds that she is seeking relief on behalf of the Plan in Count II and therefore, her claim under 502(a)(2) is proper. With respect to section 502(a)(3), plaintiff argues that her claim under 502(a)(1)(B) may be unavailing because the Plan was liquidated in 1991. Accordingly, plaintiff asserts that a claim under 502(a)(3) is proper.

ERISA is a comprehensive statute designed to protect the interests of employees and their beneficiaries in pension and welfare benefit plans. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). ERISA establishes duties of loyalty and care for fiduciaries and obligates fiduciaries to act solely in the interest of the benefit plan and its participants and beneficiaries. *Anweiler v. American Electric Power Service Corp.,* 3 F.3d 986, 990 (7th Cir.1993). Claims for breach of fiduciary duty are generally brought under section 502(a)(2) or section 502(a)(3) of ERISA. Claims for recovery of benefits must be brought under 502(a)(1)(B).*See Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 1077, 134 L.Ed.2d 130 (7th Cir.1996). However, the Supreme Court in *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), held that any recovery under section 502(a)(2) must be for the plan as whole rather than for individual beneficiaries. *See also Lister v. Stark,* No. 88 C 9801, 1989 WL 88241 at * 5 (N.D.Ill.1989) ("The fiduciary duty lawsuit seeks repair of harm to the plan by securing injunctive relief or damages to benefit the plan."). Courts, therefore, have refused to permit a denial of benefits claim to be bootstrapped into a fiduciary duty claim under section 502(a)(2).*See Lister,* 1989 WL 88241 at *6 (collecting cases).

In this case, plaintiff alleges that defendants breached their fiduciary duty to provide certain information and documents, such as benefits statements, annual reports and summary plan descriptions. In addition, plaintiff alleges that defendants breached their fiduciary duty to the plaintiff by concealing the Plan's existence and refusing to distribute benefits to which she was entitled under the Plan. Plaintiff seeks unpaid benefits, penalties in the form of payment to the plaintiff for their failure to provide information, and punitive damages. Plaintiff also seeks an injunction requiring the defendants to return any assets removed from the Plan.

*5 Count II must be dismissed to the extent plaintiff seeks to recover benefits individually. Such a claim has been alleged in Count I of the complaint and cannot be realleged as a fiduciary duty claim. On the other hand, the facts alleged by the plaintiff in Count II regarding the defendants' failure to provide documents and information may give rise to a claim under section 502(a)(2). Such a claim may only be brought on behalf of the Plan and cannot be brought by the plaintiff to recover individually. Accordingly, the court must dismiss Count II to the extent plaintiff seeks to recover benefits under the Plan or seeks individual relief for breach of fiduciary duty pursuant to section 502(a)(2) of ERISA.

Plaintiff may be able to recover individually under section 502(a)(3), in the event that she cannot recover under 502(a)(1)(B). The Supreme Court in *Varity Corporation v. Howe,* distinguished fiduciary duty claims brought under section 502(a)(3) from claims brought under section 502(a)(2). The Court explained that section 502(a)(2) governs fiduciary obligations relating to the plan's financial integrity, while section 502(a)(3) is a "catchall" provision, authorizing "appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy ."116 S.Ct. at 1078. Plaintiff contends that she may not be able to recover under section 502(a)(1)(B) because the defendants terminated the Plan in 1991. Thus, section 502(a)(3) may be only the provision under which

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 5
Not Reported in F.Supp., 1998 WL 299434 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.)

she can recover individually. It is too early for the court to determine whether plaintiff's claim for benefits under section 502(a)(1)(B) will be meritorious. The fiduciary duty claim brought pursuant to section 502(a)(3) withstands dismissal. We remind the plaintiff that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief...."*Varity,* 116 S.Ct. at 1079.

Defendants also seek dismissal of the plaintiff's state law claims in Counts III through Counts VII of the complaint. The state law claims are for breach of contract, unjust enrichment, tortious interference with contract, conversion and breach of fiduciary duty. Defendants contend that these claims are preempted by ERISA. The court agrees. Section 514(a) of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ..."29 U.S.C. § 1144(a). A state law "relates to" an employee benefit plan, using the common meaning of the phrase, if it has any connection to such a plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-2900, 77 L.Ed.2d 490 (1983). Section 514(a) routinely preempts "state law claims that affect the structuring of ERISA plans, or that purport to determine the substantive rights and duties among parties to its creation and administration."*Rice v. Panchal,* 65 F.3d 637, 645 (7th Cir.1995). The statute's preemption extends to state common law tort and contract claims.*Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48, 120 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987).

*6 In this case, plaintiff's state law claims are preempted by ERISA. Plaintiff alleges in Count III that the Plan is a contract that was breached by the defendants. Such a claim clearly relates to an ERISA plan and is preempted. Count IV alleges that the Plan has been unjustly enriched by the retention of the plaintiff's benefits and seeks the recovery of benefits under the Plan. The claim is preempted by ERISA because it purports to determine the substantive rights and duties of the parties to the Plan. Count V alleges that defendant Morris tortiously interfered with plaintiff's right to benefits under the Plan. Again, the claim is preempted by ERISA as it relates to an ERISA plan. In Count VI, plaintiff alleges that the defendants converted plaintiff's benefits under the Plan to their own benefit and plaintiff seeks to recover those benefits. Count VI is preempted by ERISA as recovery of Plan benefits certainly falls within ERISA preemptive reach. Finally, Count VII alleges a claim for breach of fiduciary duty under state law. Plaintiff alleges that the defendants had a duty to provide the plaintiff with the documents and information she requested to calculate her benefits under the Plan. Plaintiff also alleges that the defendants breached their fiduciary duty to the plaintiff when they failed to distribute her benefits under the Plan. Again, such rights and duties are governed by ERISA, and the claim is thus preempted. Plaintiff's state law claims are dismissed.

B. The Defendants' Motion to Strike

The defendants' motion to strike the plaintiff's jury demand and claim for punitive damages is governed by Rule 12(f) of the Federal Rules of Civil Procedure. "Rule 12(f)... allows the court to 'order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." ' *Sabay v. Reno,* No. 95 C 2325, 1996 WL 167332 (N.D.Ill.1996) (quoting *Baker v. Westinghouse Electric Corp.,* 830 F.Supp. 1161, 1168 ( N.D.Ind.1993)). "The court possesses considerable discretion in disposing of a motion to strike redundant, impertinent, immaterial or scandalous matter." 5A C. Wright and A. Miller, Federal Practice & Procedure: Civil § 1382, at 683 (2d ed.1990). The plaintiff's jury demand must be stricken because the Seventh Circuit has held that there is no right to a jury trial in actions brought under Section 502 of ERISA. *See Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820 (7th Cir.1980), *cert. denied,*449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). Plaintiff's claim for punitive damages must be

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 6
Not Reported in F.Supp., 1998 WL 299434 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

stricken as well. The Seventh Circuit in *Harcsh v. Eisenberg*, 956 F.2d 651, 660-661 (7th Cir.), *cert. denied,* 506 U.S. 818, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992), held that punitive damages are not recoverable under section 502(a)(1)(B) and section 502(a)(3), and explained that the Supreme Court's decision in *Russell* supports the conclusion that punitive damages are unavailable under section 502(a)(2). Consequently, this court must dismiss the plaintiff's claim for punitive damages.

C. Plaintiff's Petition for Attorney's Fees

*7 Plaintiff has filed a petition for attorney's fees for time expended in preparing her motion for default judgment and objection to the defendants' motion to extend time to answer or otherwise plead. Defendants object to the petition. The court has reviewed the petition and the defendants' objections and will not award the plaintiff her attorney's fees. Plaintiff filed her complaint in September, 1997, and this court dismissed the case for want of prosecution in November, 1997. Plaintiff then sought to reinstate the case in January, 1998. This court reinstated the case and the defendants were served in mid-January. Plaintiff then moved for default judgment on March 3, 1998 and defendants responded with a motion to extend time to answer the complaint. There is no compelling reason for the court to award the plaintiff attorney's fees. Plaintiff delayed four months before prosecuting her case and now seeks fees for a motion that she filed because the defendants had not responded to the complaint in six weeks. The defendants' delay does not warrant sanctions in light of the plaintiff's own considerable delay. Accordingly, the court denies the petition.

CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss is granted in part and denied in part. The defendants' motion to strike is granted and the plaintiff's petition for attorney's fees is denied.

N.D.Ill.,1998.
Benjamin v. Marshal P. Morris, Ltd. Profit Sharing Plan and Trust
Not Reported in F.Supp., 1998 WL 299434 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.