IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, and HOWARD McDOUGALL, trustee,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AGL RESOURCES, INC., a Georgia Corporation; NUI CAPITAL CORP., a Florida corporation; and PIVOTAL UTILITY HOLDINGS, INC., f/k/a NUI UTILITIES, INC., a New Jersey corporation,<br><br>　　　　　　　Defendants. | Case No. 07 C 6933<br>Judge Blanche M. Manning<br>Magistrate Judge Denlow |

## JOINT INITIAL STATUS REPORT

NOW COME Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund, Central States, Southeast and Southwest Areas Pension Fund (collectively referred to as "the Funds") and Howard McDougall, trustee and Defendants AGL Resources, Inc. ("AGL"), NUI Capital Corp. ("NUI") and Pivotal Utility Holdings, Inc., f/k/a NUI Utilities, Inc., ("Pivotal"), and hereby jointly submit the following Initial Status Report in accordance with the Court's standing order.

This matter is set for a second status on March 6, 2008. On February 1, 2008, Plaintiffs filed a First Amended Complaint. On February 19, 2008, the Defendants filed their Answer to First Amended Complaint and Defendants' Counterclaim Against Plaintiffs. On March 3, 2008, Plaintiffs' filed their Motion to Dismiss Counterclaim and supporting

F:255215 / 07310030 / 3/4/08 (MS WORD)

-1-

Memorandum in Support of Motion To Dismiss Counterclaim. The Motion To Dismiss is set for March 6, 2008.

A. <u>Nature of the Case</u>

1. <u>Basis for Jurisdiction, Nature of Claims</u>: This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 <u>et</u> <u>seq</u>., to recover past due employer contributions owed to the Funds by AGL Resources, Inc. ("AGL"), NUI Capital Corp. ("NUI") and Pivotal Utility Holdings, Inc., f/k/a NUI Utilities, Inc., ("Pivotal"), in accordance with applicable collective bargaining and trust fund agreements.

NUI and Pivotal were each bound by collective bargaining agreements under which they were each required to make contributions to the Funds on behalf of certain of their employees. AGL is the parent company of both NUI and Pivotal. Based on an audit of NUI's records and based on an audit of Pivotal's records, Plaintiffs allege that both NUI and Pivotal failed to pay all of the contributions owed to the Funds for the period of December 22, 2002 through December 25, 2005. Additionally, Plaintiffs allege that Pivotal failed to pay all of the contributions owed to the Pension Fund for the period April 1, 2001 through December 21, 2002 and failed to pay all of the contributions owed to the Pension Fund and the Health and Welfare Fund for the period for the period December 26, 2005 through December 31, 2007. As the parent company of NUI and Pivotal, Plaintiffs allege that AGL is liable for the debts of its two subsidiaries.

<u>Nature of Counterclaims:</u>

Defendants-Counter Plaintiffs have asserted a claim for conversion against Plaintiffs-Counter Defendants. Specifically, Defendants-Counter Plaintiffs allege that they paid Plaintiffs-Counter Defendants $50,000 to offset any possible underpayments to Plaintiffs.

Defendants-Counter Plaintiffs subsequently determined that they only owed Plaintiffs $6,430.00 and requested that Plaintiffs-Counter Defendants return the remaining $43,570 to the Defendants-Counter Plaintiffs. To date, Plaintiffs-Counter Defendants have refused to return the remaining amount to Defendants-Counter Plaintiffs.

    2.    <u>Relief Sought by Plaintiffs</u>: Pursuant to 29 U.S.C. ҫ1132(g)(2), the Pension Fund seeks the recovery of:

    A.    at least $1,900 for unpaid contributions (not including interest) for the period of December 22, 2002 through December 25, 2005 from NUI or AGL; and

    B.    at least $91,000 for unpaid contributions (not including interest) for the period of December 22, 2002 through December 25, 2005 from Pivotal or AGL; and

    C.    amounts that are unknown with specificity for the period of April 1, 2001 through December 21, 2002 and December 26, 2005 through December 31, 2007 from Pivotal or AGL; and

The Health and Welfare Fund seeks the recovery of:

    A.    at least $1,500 for unpaid contributions (not including interest) for the period of December 22, 2002 through December 25, 2005 from NUI or AGL; and

    B.    at least $191,000 for unpaid contributions (not including interest) for the period of December 22, 2002 through December 25, 2005 from Pivotal or AGL;

    C.    amounts that are unknown with specificity for the period of December 21, 2005 through December 26, 2007 from Pivotal or AGL.

The Funds also seek recovery of: (i) delinquent interest; (ii) liquidated damages (iii) attorney's fees and costs; and (iv) audit fees and costs.

    3.    <u>Names of Parties Not Served</u>: All parties have been served with the First Amended Complaint through counsel.

    4.    <u>Major Legal Issues</u>: The parties assert that the principal legal issue is whether the Defendants are liable for delinquent contributions to the Funds.

    5.    <u>Major Factual Issues</u>: the parties assert that the principal factual issue is whether the employees for whom Plaintiffs allege contributions are owed were doing work covered by the applicable collective bargaining agreements.

B. <u>Draft Scheduling Order:</u>

    1.    Any amendments to pleadings or actions to join other parties shall be filed on or before May 30, 2008

    2.    Fact discovery to be completed by September 6, 2008

    3.    The parties do not anticipate that they will require expert witnesses.

    4.    Dispositive motions due by November 6, 2008

    7.    Pretrial conference February 5, 2009

    8.    Trial date March 16, 2009

C. <u>Trial Status:</u>

Neither party has made a jury demand.

The probable length of trial would be 1-2 days.

D. <u>Consent to A Magistrate Judge:</u>

The parties do not consent to proceeding before a Magistrate Judge.

E. <u>Settlement Status:</u>

Since Plaintiffs are expanding the audit, the exact amounts owed are not known with

specificity at this time. As such, the parties will not be able to discuss settlement until the expanded audit is completed and the billing amounts are provided to Defendants. Accordingly, the parties do not wish to have a settlement conference at this time.

Respectfully submitted,

 s/ Frederick L. Schwartz
Frederick L. Schwartz
Littler Mendelson
200 North LaSalle Street
Suite 2900
Chicago, Illinois 60601
(312) 795-3230
FSchwartz@littler.com

March 4, 2008

 s/ Rathna C. Rodgers
Rathna C. Rodgers (ARDC #06239131)
Attorney for Plaintiffs
Central States, Southeast and Southwest
Areas Pension Fund, Central States,
Southeast and Southwest Areas
Health and Welfare Fund
9377 West Higgins Road
Rosemont, Illinois 60018
(847) 518-9800, Ext. 3435
rrodgers@centralstatesfunds.org

## **CERTIFICATE OF SERVICE**

    I, Rathna C. Rodgers, one of the attorneys for Plaintiffs, certify that on February 4, 2008, I electronically filed the foregoing Joint Initial Status Report with the Clerk of the Court using the ECF system. This filing was served on all parties indicated on the electronic filing receipt via the ECF system.

                                        s/ Rathna C. Rodgers  
                                        Rathna C. Rodgers (ARDC #06239131)  
                                        Attorney for Plaintiffs