**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, and HOWARD McDOUGALL, trustee, <br><br> Plaintiffs, <br><br> v. <br><br> AGL RESOURCES, INC., a Georgia Corporation; NUI CAPITAL CORP., a Florida corporation; and PIVOTAL UTILITY HOLDINGS, INC., f/k/a NUI UTILITIES, INC., a New Jersey corporation, <br><br> Defendants. | Case No. 07 C 6933 <br> Judge Blanche M. Manning <br> Magistrate Judge Denlow |

**CENTRAL STATES' REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS COUNTERCLAIM**

A. The Counterclaim filed on February 17, 2008 should be dismissed.

In its opening brief, Central States showed that the Defendants' state law Counterclaim for the refund of contributions paid to Central States should be dismissed because state law claims are preempted by ERISA. However, Central States also showed that a federal common law claim for the restitution of contributions paid by mistake of law or fact had been recognized by the Seventh Circuit <u>Construction Industry Retirement Fund v. Kasper Trucking, Inc.</u> 10 F3d 465 (7th Cir. 1993), but this was not the claim plead by the Defendants because they had not alleged a mistake of fact or law existed or that equity favored the refund as required by the <u>Kasper Trucking</u> decision. Further, Central States showed that the Counterclaim was deficient because the Defendants had failed to exhaust administrative remedies as required by the Trust Agreements and ERISA.

On March 27, 2008, the Defendants filed "Defendants' Response to Plaintiffs' Motion To Dismiss Counterclaim and Motion For Leave Instanter To Amend Its [Sic] Counterclaim." As the caption of the Defendants' document indicates, the Defendants' filing is supposed to both respond to Central States' Motion to Dismiss the original Counterclaim and, at the same time, asks the court to allow it to replace its Counterclaim with a new pleading that supposedly cures the deficiencies that were pointed out in Central States' Motion to Dismiss. This is procedurally improper because in essence, the Defendants are trying to support a pleading, at the same time they are trying to replace it with amended pleading. However, it is clear from the content of the Defendants' pleading that they have no legitimate response to Central States' assertion that the state law claim asserted in the original Counterclaim filed on February 17, 2008 is not viable and they want to replace it with the recognized federal claim. The Defendants are really only asking that they be allowed to file the Amended Counterclaim to supposedly cure the deficiencies. Therefore, the February 17, 2008 Counterclaim should be dismissed.

B.  The Defendants' Motion For Leave To Amend the Counterclaim should be denied because the amendment is futile.

Leave to amend should be freely granted, but will be denied where the amendment is futile. Foman v. Davis, 371 U.S. 178, 182, 83 S Ct 227, 230 (1962).[1] In their proposed Amended Counterclaim, Defendants purport to state the federal common law or claim restitution of contributions paid by mistake of law or fact that was recognized by the Seventh Circuit in Kasper Trucking (¶ 1 of Amended Counterclaim). The Defendants allege that after Central States' audit, they sent a $50,000 payment and that Central States

---

[1] The Motion For Leave Instanter To Amend Its [Sic] Counterclaim should also be denied under Local Rule 5.3 and this Court's Standing Orders since the Motion was not noticed for a hearing.

deposited their payment (¶¶ 7 and 8 of Amended Counterclaim). They later determined they owed only $6,430 and demanded the return of the remaining $43,570, but Central States refused to comply (¶¶ 9 and 12 of Amended Counterclaim). The Defendants assert that through mistake of fact or law they made contributions to the Funds that were not due and owing (¶ 11 of Counterclaim). This pleading is futile because the Defendants have failed to exhaust administrative remedies.

ERISA authorizes a contribution refund only "after the <u>plan administrator</u> determines that the contribution was made by such a mistake." 29 U.S.C. §1103(c)(2)(A)(ii). Further, the Trust Agreements to which the Defendants are admittedly bound (¶¶ 11, 29 of Answer to Amended Complaint), contain similar (but not identical language) concerning contribution refunds that require the Trustees to make the initial determination. The Pension Fund Trust Agreement provides as follows with respect to the return of overpayments to the Fund:

> The Trustees will issue a credit for contributions that have been billed to an Employer if (1) the related work history was reported by mistake of fact or law (other than a mistake about plan qualification or tax-exempt status pursuant to the Internal Revenue Code) <u>as determined by the Trustees</u> and (2) the request for credit is received within ten years after the related work history was billed. If an Employer no longer has an obligation to contribute to the Fund and has satisfied his withdrawal liability assessment, the Trustees will refund contributions paid by an Employer to the Trust if (1) such contributions were made by a mistake of fact or law (other than a mistake about plan qualification or tax-exempt status pursuant to the Internal Revenue Code) <u>as determined by the Trustees</u> and (2) application therefor is received within ten years after payment of the contributions ...The amount to be returned to the Employer, by credit or refund, is the excess of the amount contributed or paid over the amount that would have been contributed or paid had no mistake been made (this amount is the excess contribution or overpayment). Interest or earnings attributable to an excess contribution shall not be returned to the Employer, and any losses attributable to an excess contribution must reduce the amount returned to the Employer.

(Art. XIV, Sec. 1 of Ex. A) (emphasis added). The Health and Welfare Fund Trust Agreement is largely the same, except that it indicates that the refund must be requested "by the 20th of the month subsequent to the month the related work history was billed" and there is no mention of withdrawal liability (Art. XI, Sec. 1 of Ex. B). Thus, under the Trust Agreements, a refund is permissible only if the contributions were paid by mistake of fact or law "as determined by the Trustees." In addition, Article V, Section 2 of the Trust Agreements expressly requires submission of refund requests to the Trustees so that they can determine "all questions or controversies, of whatsoever character" specifically including those relating to " ... accounts in connection with the operation of the Trust Fund." (Ex. A and B). The Seventh Circuit indicated that this language means that " ... all controversies over anything ... related to the Trust or the Plan shall be submitted to the Trustees." *Exbom v. Central States Health and Welfare Fund*, 900 F.2d 1138, 1141 (7th Cir. 1990). Therefore, the Trust Agreements provide a procedure that the Defendants must exhaust before they could be entitled to recover anything from the Funds. Further, the Trust Agreements establish that a cash refund is available only if the employer has withdrawn from the Fund and there are no outstanding amounts owed. The Trustees have not examined the refund request so there has been no determination made with respect to the Defendants' request.[2]

Thus, both ERISA and the Trust Agreements require that the refund issue be decided by the Trustees in the first instance before a restitution suit can be filed. *Brown v. Health Care and Retirement Corp.*, 25 F.3d 90, 94 n.4 (2nd Cir. 1994); *Teamsters Local 348 Pension Fund v. Kohn Beverage Co.*, 749 F.3d 315 (6th Cir. 1984); *Peckham v.*

---

[2] Central States has notified the Defendants that it plans to present the Defendants' refund request to the Trustees at the May 2008 Board of Trustees meeting. (Ex. C).

*Board of Trustees of Painters National Pension Fund*, 7619 F.2d 1063, 1066 (10th Cir. 1983); *Central States Pension Fund v. Gateway Foods of Twin Ports, Inc.*, 951 F.Supp. 732 (N.D. Ill. 1996). Further, these cases establish that the Trustees' decision can be rejected only if it is arbitrary or capricious. *Id*. The Defendants' proposed Amended Counterclaim is futile because it fails to plead the recognized federal common law restitution claim since the Defendants cannot allege the Trustees have made a decision (because they have not done so), much less that their decision is arbitrary or capricious.

The Defendants do allege in their proposed Amended Counterclaim that the Trustees must have already examined the refund request because the First Amended Complaint seeks contributions in excess of $50,000. However, this allegation makes no sense (¶ 10 of Amended Counterclaim). The Plaintiffs' allegation in the Amended Complaint that as a result of the audit, the Defendant owed in excess of $282,000 says absolutely nothing about whether the Trustees have reviewed the refund request.

## CONCLUSION

For the foregoing reasons, the Defendants' Counterclaim should be dismissed and its Motion For Leave Instanter to Amend Its [Sic] Counterclaim should be denied. Alternatively the Motion for Leave to Amend the Counterclaim should be deferred until the Trustees have the opportunity to review the refund request at their May 2008 meeting.

Respectfully submitted,

April 11, 2008

/s/ Rathna C. Rodgers
Rathna C. Rodgers (ARDC #06239131)
One of the Attorneys for Plaintiffs Central States,
Southeast and Southwest Areas
Health and Welfare and Pension Funds
9377 West Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3435

## CERTIFICATE OF SERVICE

    I, Rathna C. Rodgers, one of the attorneys for Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare and Pension Funds, certify that on April 11, 2008, I caused the foregoing Central States' Reply Memorandum In Support Of Its Motion To Dismiss Counterclaim to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system.

                                              /s/ Rathna C. Rodgers
                                              Rathna C. Rodgers (ARDC #06239131)
                                              One of the Plaintiffs' Attorneys