# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, and HOWARD McDOUGALL, trustee,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AGL RESOURCES, INC., a Georgia Corporation; NUI CAPITAL CORP., a Florida corporation; and PIVOTAL UTILITY HOLDINGS, INC., f/k/a NUI UTILITIES, INC., a New Jersey corporation,<br><br>　　　　　Defendants. | Case No. 07 C 6933<br>Judge Blanche M. Manning<br>Magistrate Judge Denlow |

## ANSWER TO COUNTERCLAIM

Plaintiffs/Counter-Defendants Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund and Howard McDougall, trustee, hereby submit the following as their answer to the Counterclaim filed by Defendants/Counter-Plaintiffs AGL Resources, Inc., NUI Capital Corp., and Pivotal Utility Holdings, Inc.,f/k/a NUI Utilities, Inc.

1.　Defendants/Counter-Plaintiffs, bring this action for restitution under federal common law for the refund and or credit of contributions paid by mistake of law or fact.

**ANSWER:** The Plaintiffs/Counter-Defendants admit that the Defendants/Counter-Plaintiffs purport to bring an action for restitution and refund and/or credit but deny they have done so or that such a claim exists.

2.      This Court has personal and subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §1331, 29 U.S.C. §§1132(a)(3), (e) and (f), Rule 13 of Federal Rules of Civil Procedure governing compulsory counterclaims, and the federal common law.

**ANSWER:** Deny.

3.      Venue in this Court is proper under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391, in that Defendants and Plaintiff may be found in this district and the breach took place in this district.

**ANSWER:** This paragraph is admitted, except the assertion that venue is proper under 29 U.S.C. § 1132(e)(2) is denied.

4.      Plaintiffs/Counter-Defendants Central States, Southeast and Southwest Areas Pension Fund, Central States Southeast and Southwest Areas Health and Welfare Fund (the "Funds") are employee benefit plans.

**ANSWER:** Admit that the Central States, Southeast and Southwest Areas Pension Fund and the Central States Southeast and Southwest Areas Health and Welfare Fund ("The Funds") are "employee benefit plans" as that term is defined in ERISA.

5.      Plaintiff/Counter-Defendant Howard McDougall is a Trustee of the Funds.

**ANSWER:**  Admitted.

6.      The Funds audited the records of Defendants/Counter-Plaintiffs for a period between December 2002 and December 2007 (the "Audit").

**ANSWER:** Plaintiffs/Counter-Defendants admit that the Funds have audited the records of the Defendants/Counter-Plaintiffs for the period December 22, 2002 through December 25, 2005.  Plaintiffs/Counter-Defendants deny that they have audited for the period before December 22, 2002 and after December 25, 2005.

7. Thereafter, based upon a mistake of law and fact that they owed Plaintiffs/Counter-Defendants unpaid contributions, Defendants/Counter-Plaintiffs sent Plaintiffs/Counter-Defendants a check in the amount of $50,000.00 (the "Deposit").

**ANSWER:** Admit that the Defendants/Counter Plaintiffs sent Plaintiffs/Counter-Defendants a check in the amount of $50,000 (the "Deposit'). Deny, however, that the payment was made based upon a mistake of law and fact that they owe Plaintiffs/Counter-Defendants unpaid contributions.

8. Upon receipt, Plaintiffs/Counter-Defendants cashed the $50,000.00 check thereby taking possession and custody of the Deposit.

**ANSWER:** Admit that Plaintiffs/Counter-Defendants cashed the $50,000 check. Denied as to all other averments.

9. On or about December 3, 2007, Defendants/Counter-Plaintiffs sent Plaintiffs/Counter-Defendants a letter with attachments (a copy of the letter is attached hereto as Exhibit A) explaining that they owed only $6,430.00 to Plaintiffs/Counter-Defendants in underpayments for the period covered by the audit. Accordingly, in the same letter, Defendants/Counter-Plaintiffs requested that Plaintiffs/Counter-Defendants return the remaining portion of the Deposit.

**ANSWER:** Admit that Plaintiffs/Counter-Defendants received Defendants'/Counter-Plaintiffs' December 3, 2007 letter. Denied as to all other averments.

10. On May 19, 2008, counsel for Plaintiffs/Counter-Defendants notified Defendants/Counter-Plaintiffs that the Board of Trustees denied the Defendants/Counter-Plaintiffs' refund/credit request.

**ANSWER:** Admitted.

11.    Through mistake of fact and law, Defendants-Counter-Plaintiffs made contributions to the Funds that were not due and owning.

**ANSWER:**  Denied.

12.    Plaintiffs/Counter-Defendants have no right to receive or hold said contributions. Plaintiffs/Counter-Defendants continued retention and use of said contributions violates the terms of their own. trust agreements and results in an unjust enrichment of Plaintiffs/Counter-Defendants and other contributing employers, to the harm and detriment of Defendants/Counter-Plaintiffs. Defendants/Counter-Plaintiffs demanded a refund or credit of said contributions, but Plaintiffs/Counter-Defendants refuse to relinquish the funds and will continue to do so.

**ANSWER:**  Denied.

13.    Under all notion of equity and pursuant to Sections of 402, 403(c), 409, 502(a), and 515 of ERISA, 29 U.S.C. §§ 1102, 1103(c), 1109, 1132(a), and 1145, Plaintiffs/Counter-Defendants are obligated to restore or credit the contributions they are wrongfully withholding from Defendants/Counter-Plaintiffs in the amount of $43,670.00.

**ANSWER:**  Denied.

## AFFIRMATIVE DEFENSE

1. The trust agreements allow the Funds to offset any mistaken contribution payments against the unpaid contributions owed to the Funds and the withdrawal liability owed to the Pension Fund.

**WHEREFORE**, Plaintiffs/Counter-Defendants Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund  and Howard McDougall, trustee, request that this Honorable Court enter an order denying the Counterclaim in its entirety and enter judgment in favor of

Plaintiffs/Counter-Defendants and against Defendants/Counter-Plaintiffs, with costs and fees awarded to Plaintiffs/Counter-Defendants, and for such other relief as this Court deems just and proper.

                                              Respectfully submitted,

June 9, 2008                             s/ Rathna C. Rodgers
                                          Rathna C. Rodgers (ARDC #06239131)
                                          Attorney for Plaintiffs
                                          Central States, Southeast and Southwest
                                          Areas Pension Fund, Central States, Southeast
                                          and Southwest Areas Health and Welfare Fund
                                          9377 West Higgins Road
                                          Rosemont, Illinois 60018
                                          (847) 518-9800, Ext. 3435
                                          rrodgers@centralstatesfunds.org